UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

EMPRESS HADIYA BEY,

                    Plaintiff,

      v.

JOSEPHINE ANTOINE; JOSEPH SCHWARCZ; NOSSON SCHWARCZ; ENRIQUE 'RENE' RIVERA; DAVID FRIEDMAN; YOEL GOLDMAN; JACQUELINE D. WILLIAMS; ELIZABETH BARNETT; JOE MORGANO, ESQ.; AMANDA G. KATZ, ESQ.; ALAN SPUTZ, ESQ.; ZACHARY W. CARTER, ESQ.; DEANNA FLAHERTY, ESQ.; ANDREW LEE, ESQ.; TIMOTHY MARSH, ESQ.; STEPHEN SCHWARZ, ESQ.; ABENA DARKEH; ERIC GONZALEZ, ESQ.; MEENA SERALATHAUS, ESQ.; REBECCA MITCHELL; ALICIA FRISCH #23972; MICHAEL MANCILLA #23627; MICHELLE GIGLIO; TODDMAN #20869; GELLINEAU #15315; SGT. QUINTERO #5330; EPSTEIN #15092; SGT. SANDRINA OSBORNE; LIEUTENANT PETER SOTIRIOU; LETITIA JAMES; ERIC L. ADAMS; DAVID A. HANSELL; WILLIAM HARRINGTON; ALYSON THOMPSON; TIFFANY HICKS; CHERYL BENDER; CHERYL PLACE; I. SANCHEZ; L. VEGA; K. MACK; A. BABB; JANE DOE #1; RENEE PINKNEY; LANDAI BARNES; ALAKEEM ADEKOYA; BARBARA FAMOSA; KOLAWOLE KAREEM; DIREEN PATTERSON; SAVANNAH LILY; KELLI MUSE; JACQUES JIHA; ERIC ENDERLIN; PRINCESS PALMER; ROSE MCCREA; ROBERT EZRAPOUR; KEN HARON; JOSEPH SOLEIMANI; BEN SOLEIMANI; JASON HAITKIN; ACHILLES PERRY; MICHAEL PARLAMIS; MICHAEL KOROGLUYEV; SANDY KOROGLUYEV; PAULA BENJAMIN-HOWARD; JEFFREY R. STERN; ALIA RAZZAQ; JOHN BUTTA CAVALI; STEVEN BANKS; BILL DE BLASIO;

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-1877 (PKC)(RER)

RICHARD A. CARRANZA; LAZARO VALDEZ;
TRACY KITT; LINDA FORD; JENNIFER
GOLDSTEIN; GUTMAN, MINTZ, BAKER &
SONNETFELDT, LLP; ANDREW CUOMO;
SCOTT STRINGER; SHELIA J. POOLE; HELENE
MARCEL; CYNTHIA ROBINSON; HEATHER
ANWER; MIRIAM VASQUEZ; YESSENA
FIGEROA; HOPELEE HOBSON; FRANCES
CARR; K. SAUNDERS; GRISEL CABAN;
CAROL JOIDAN; JACK BOWDEN; DENNIS
BURTON; ANDREA DARRELL; PETRA
LEGETTE; LEATHA JENNINGS; DOMINIQUE
MANFREDA; FELIX PADILLA; MELANIE
ALVES,

           Defendants.

---------------------------------------------------------------

PAMELA K. CHEN, United States District Judge:

  Plaintiff Empress Hadiya Bey, proceeding *pro se*, commenced the above-captioned action on March 27, 2019 against 96 state, municipal, and individual Defendants seeking their criminal prosecution. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. The Court dismisses Plaintiff's criminal prosecution claims, but grants her thirty (30) days to file an amended complaint setting forth any plausible § 1983 claims.

## BACKGROUND

  Plaintiff's complaint includes almost no specific factual allegations. Based on the information Plaintiff does provide in both her complaint (Dkt. 1) and Motion for a Temporary Restraining Order (Dkt. 4), it appears that the gravamen of her allegations is that her "liberties were violated" when her children were placed in the custody of the Administration for Children's Services ("ACS") for 32 days and she was handcuffed for 27 hours. (Motion for Temporary

2

Restraining Order ("TRO Motion"), Dkt. 4, at ECF[1] 3.) Plaintiff styles her complaint as a "Criminal Complaint" and asks that she be allowed to present information to a Grand Jury. (Complaint, Dkt. 1, at ECF 5.) She names the governor, mayor, police officers, ACS and other municipal workers, state court judges, and lawyers among the 96 individuals she seeks to prosecute.

## LEGAL STANDARD

Pursuant to the *in forma pauperis* statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous "when the claim is based on an indisputably meritless legal theory, such as when a dispositive defense clearly exists on the face of the complaint." *Newton v. Handleman*, 53 F. App'x 151, 152 (2d Cir. 2002) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)) (internal quotations omitted).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). "Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law." *McCrary v. Cty. of Nassau*, 493 F. Supp. 2d 581, 584 (E.D.N.Y. 2007) (citing *Faretta v. California,* 422 U.S. 806, 834 n.36 (1975)). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations, brackets, and citation omitted).

Finally, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**DISCUSSION**

**I.     Criminal Law Claims**

Plaintiff seeks to bring criminal charges against 96 Defendants. "As a general matter . . . crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 14–15 (2d Cir. 2006) (citing *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972)). As a private citizen, Plaintiff may not bring criminal charges because "[c]riminal prosecutions are within the exclusive province of the public prosecutor who has complete discretion over the decision to initiate, continue or cease prosecution." *Yashaahla v. M.H.A.N.Y*,

No. 05-CV-4963 (JFB), 2006 WL 845586, at *1 (E.D.N.Y. Mar. 29, 2006); *see also Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) ("'[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

"A private individual may bring suit under a federal [criminal] statute only when Congress specifically intended to create a private right of action." *See Hill*, 191 F. App'x at 14 (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002); and *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 308, 311–12 (2d Cir. 2000)); *see also Cort v. Ash*, 422 U.S. 66, 79 (1975) (holding that no private right of action exists under criminal statutes unless there is a clear statutory basis for such an inference). Plaintiff invokes several sections of the United States Criminal Code. (*See* Complaint, Dkt. 1, at ECF 8–9.) None of these provisions, however, include a private right of action. *See, e.g.*, *Vidurek v. Koskinen*, No. 17-CV-9064 (VB), 2018 WL 3597644, at *9 (S.D.N.Y. July 25, 2018) (noting that "with the exception of RICO [the Racketeer Influences and Corrupt Organizations Act], individuals cannot bring suits as private attorneys general in an effort to right potential violations of criminal statutes") (internal quotations and citation omitted).

Further, the Court notes that Plaintiff's submissions suggest that Plaintiff is seemingly an adherent of the "sovereign citizenship" movement.[2] To the extent Plaintiff relies on the "sovereign

---

[2] Claims raised by adherents of the sovereign citizen movement, "while vastly different in terms of underlying factual predicate, are analogous to each other in asserting frictions with various government entities and maintaining that the litigants are entitled to special treatment/endowed with special rights (and are not subject to the federal and state laws) because the litigants hold private beliefs that they are descendants of Moors, medieval Muslims populating, during IX–XIV centuries, the Iberian Peninsula, Southern Gallia and a few Gibraltar islands." *Bey v. DYFS*, No. CV 12-5296 (CCC), 2018 WL 2411606, at *2 n.2 (D.N.J. May 29, 2018); *see also United States v. Ulloa,* 511 F. App'x 105, 107 n.1 (2d Cir. 2013) ("The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and

citizen" theory to assert that she is exempt from prosecution, beyond the jurisdiction of the state or federal courts, or not subject to the procedural and substantive requirements of federal law, such an assertion lacks an arguable basis in law or fact. *See El Bey v. Centralia Police Dep't*, No. 13-CV-313 (JPG), 2013 WL 1788514, at *3 (S.D. Ill. Apr. 26, 2013) ("Plaintiff is free to call himself a Moorish American National, or any other description that suits him. However, he is subject to state and federal laws, just like any other person regardless of citizenship."); *see also Faltine v. Murphy*, No. 15-CV-3961 (RRM) (LB), 2016 WL 3162058, at *3 (E.D.N.Y. June 3, 2016) (noting that arguments based on "a so-called 'sovereign citizen' theory . . . have been repeatedly rejected by federal courts"); *Muhammad v. Smith,* No. 3:13–CV–760 (MAD) (DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources.") (collecting cases). Accordingly, Plaintiff's claims seeking criminal prosecution are dismissed as frivolous because they lack an arguable basis in law. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**II.  Section 1983 Claims**

Though Plaintiff's complaint is lacking in factual allegations, the Court liberally construes it as asserting false arrest and malicious prosecution claims pursuant to § 1983. (*See* TRO Motion, Dkt. 4, at ECF 3.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "It is well-

---

therefore have no authority to regulate their behavior. The FBI has labeled the sovereign citizens a domestic terrorist group.").

6

settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotations and citation omitted). Though Plaintiff alleges that she was held for 27 hours at the 77th Precinct and in Central Booking, she does not specifically allege that any of the named Defendants were personally involved in those events. Therefore, Plaintiff's claims under § 1983 are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Injunctive Relief Claims

Plaintiff also requests a temporary restraining order ("TRO"). (*See* TRO Motion, Dkt. 4; *see also* Complaint, Dkt. 1, at ECF 9 (seeking an injunction "to prevent continued aggression against [Plaintiff]").) "A temporary restraining order, like a preliminary injunction, is an extraordinary remedy that will not be granted lightly." *Johnson v. Allick*, No. 18-CV-7171 (MKB), 2019 WL 569106, at *2 (E.D.N.Y. Feb. 12, 2019) (citing *Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 33 (2d Cir. 1991)). "A party seeking a preliminary injunction must either show that [she] is likely to succeed on the merits; that [she] is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in [her] favor; and that an injunction is in the public interest." *ACLU v. Clapper*, 785 F.3d 787, 825 (2d Cir. 2015); *see also id.* at 825 (in the alternative, Plaintiff "may show irreparable harm and either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief") (internal quotations and citation omitted). Plaintiff fails to allege sufficient facts to support her request for a TRO. Though she alleges injuries she has already suffered (*see* TRO Motion, Dkt. 4, at ECF 3–4), she does not assert that she will suffer future irreparable harm if preliminary relief

is denied. Furthermore, the Court does not find that Plaintiff has shown she is likely to succeed on the merits of her claim. Accordingly, the Court denies Plaintiff's TRO application.

## CONCLUSION

For the reasons stated herein, the Court dismisses the complaint. Plaintiff's request for a TRO is also denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

In light of this Court's duty to liberally construe *pro se* complaints, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), the Court grants Plaintiff thirty (30) days to file an amended complaint as to her § 1983 claim only. If Plaintiff has a genuine basis for a § 1983 claim, she should provide specific facts in support of that claim. All further proceedings shall be stayed for thirty (30) days or until further Order of the Court. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 22, 2019
      Brooklyn, New York