

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MARIA FERNANDA DECASTRO**
*Senior Counsel*
phone: (212) 356-2658
fax: (212) 356-3509
mdecastr@law.nyc.gov

February 19, 2020

**BY ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Bey v. Antoine, et al.</u>, 19-CV-1877 (PKC) (RER)

Your Honor:

I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, an interested party in the above-referenced matter.[1] The undersigned writes respectfully to request that the Court compel plaintiff Empress Bey to provide an executed consent and authorization form pursuant to New York Criminal Procedure Law § 160.50 (" a § 160.50 release") by March 1, 2020.

By way of background, plaintiff alleges, *inter alia*, that she was falsely arrested on May 4, 2018 during an unlawful removal of her children.[2] By letters dated November 4, 2019, November 21, 2019, and December 12, 2019, this Office requested that plaintiff provide

---

[1] This case has been assigned to Assistant Corporation Counsel Amanda Rolon, who has been admitted to the New York State Bar. Ms. Rolon is handling this matter under supervision and may be reached at (212) 356-2356 or arolon@law.nyc.gov.

[2] As the Court is aware, this case involves ACS case records and removal orders that the undersigned will need to obtain in the near future. Additionally, because plaintiff also alleges physical injuries this office anticipates that, at the onset of discovery, access to medical records will also be requested via executed release forms from plaintiff. However, at this time the undersigned is solely requesting that plaintiff provide an executed § 160.50 release form.

an executed § 160.50 release for access to records of her arrest.  In response, plaintiff stated she could not provide the executed release forms because she was unable to secure the funds needed for notary services.  In response, our office offered to provide plaintiff with notary services free of charge.  On January 30, 2020 and February 3, 2020, plaintiff agreed to execute the forms at our office on February 4, 2020 at 2:00pm.  However, plaintiff did not appear at our scheduled meeting time nor did she inform this office that she would not be attending our meeting.  On February 4, 2020, our office once again emailed plaintiff to provide another appointment for free notary services.  However, to date, this office has not received any executed release forms from plaintiff nor has this office heard from plaintiff in response to the last email.

The charges against plaintiff related to her May 4, 2018 arrest were dismissed and the records pertaining to that arrest have been sealed.  As plaintiff has put her arrest at issue in this case, the undersigned needs access to the records of her arrest and prosecution in order to defend against the claims in this case.  Without access to these records, the undersigned is unable to evaluate the claims in the complaint and properly respond to the allegations therein.  See Cabble v. Rollieson, 04 Civ. 9413 (LTS) (FM), 2006 U.S. Dist. LEXIS 7385, at *28 (S.D.N.Y. Feb. 24, 2006) (noting the City's request for a § 160.50 release was not a method of seeking discovery, "it is, instead, seeking access to its own files so that it can respond intelligently to the Complaint"); see also Brown v. City of New York, No. 10-CV-5229 (ENV) (ALC), 2013 U.S. Dist. LEXIS 89955, at **14-15 n.5 (E.D.N.Y. June 13, 2013) ("Plaintiffs claiming false arrest are regularly required to provide opposing counsel with access to sealed records relating to the arrest.") (citing to Palacio v. City of New York, 489 F.Supp.2d 335, 339 (S.D.N.Y. 2007) (directing § 1983 plaintiff to execute form releasing sealed arrest records to defense counsel, since such records were "necessary to continue with this litigation"); Quaknine v. City of New York, No. 09 Civ. 2992 (NRB) (S.D.N.Y. Sept. 28, 2009) (dismissing false arrest claim against City due to plaintiff's failure to execute § 160.50 release).

For the reasons set forth herein, the undersigned respectfully request that the Court compel plaintiff to provide an executed consent and authorization form pursuant to § 160.50 by March 1, 2020.[3]  The undersigned further respectfully request that the Court warn plaintiff that if she does not provide the § 160.50 release by March 1, 2020, the Court may recommend a dismissal of her claims for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The undersigned thanks the Court for its consideration of this request.

Respectfully submitted,
*Maria Fernanda DeCastro* /s/
*Senior Counsel*
Special Federal Litigation Division

---

[3] Defendant has attached an additional § 160.50 release to the copy of this letter that was forwarded to plaintiff.

**BY FIRST-CLASS MAIL**
Empress Hadiya Bey
Plaintiff *Pro Se*
1191 Park Place, Apt. 4G
Brooklyn, NY 11213