Sister E. Jones-Bey
1028 Elder Avenue
Bronx County New York

November 8th 2020

Chief Judge Janet DiFiore
ATTN John P. Asiello, Clerk of Court
New York

Re: Docket # 2018 KN024451  Kings County Criminal
# 2019 607 K CR  Apellate Division
People  V.  Empress Bey

Islam  Honorable DiFiore,

I  Sister E. Jones-Bey  am sending
you  this letter to request Certificate Certifying
that there is a question of law in the
Above entitled proceeding which ought to
be reviewed by the Court of Appeals and
granting leave to appeal to Said Court
from an order of Abena Darkeh, Kings
County Criminal Court, entered on the
26th Day of March 2019 Convicting me of.
Attempted Criminal Mischief with the intent
to damage property (PL 110-145.00  01 ), and
Sentencing me to Submission of
DNA ( Under Coercion ), 1year Conditional
discharge, 5 Days Community Service and $250
in fees.

An application for this relief has not been made to a Justice of the Appellate Division an Oral argument is requested and there were No Co-Defendants.

The Issues to be raised on appeal

① " The United States Supreme court held that, before a suspect may be Subjected to Custodial interrogation by law enforcement, " the person must be warned that he has a right to remain silent, that any statement he does make may be used used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." Miranda v. Arizona 384 U.S. 436 (1966)

This Did Not Occur befor Officer Michael Mancilla made the choice to unlawfully question me.

② " ~~correct~~ ~~claim~~ "The fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." Payton v. New York 455 U.S. 573 (1980)

Michael Mancilla's Partner put his foot in my door to block me

from Closing it. Both Male Officers coerced me into walking back outside the door because he refused to move his foot so I could close the door.

(3) "the right to a speedy trial is fundamental and "its one of the most basic rights preserved by our Constitution." Klopfer V. North Carolina 386 U.S. 213 (1967)

"The Constitutional standard of fairness requires that a defendant have a panel of Impartial, indifferent Jurors

I was arrested on the Date of 22nd May 2018, I Did not have a trial until January and I did not have a Jury in my trial although I requested one numerous of times

(4) "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews V Eldridge 424 U.S. 319

"possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issuses or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is always

relevent   as   discrediting   the   witness   and
affecting   the   weight   of   his   testimony."
Davis   v.   Alaska   415   U.S.   308   (1974)

The   One   Witness   Nossan   Schwarcz
lied   During   his   testimony, When   I   said
I   wanted   to   testify   I   was   told   I   would
go   to   jail   if   I   did. Judge   Abena   Darkeh
Ignored   facts   surrounding   the   Case   and
Stopped   Meaningful   Case   related   Questions.

Also   Michael   Mancilla   also   lied
in   his   testimony, made   several   errors
in   his   paperwork   including   ~~my the~~ the   day
I   was   born.

⑤   "   When   acting   to   Enforce   a   statue
and   its   Subsequent   amendments   to   the   present
date,   the   Judge   of   the   Municipal   Court   is
acting   as   an   ~~~~ Administrative   officer   and
not   in   a   Judicial   Capacity; Courts   in
administering   or   enforcing   Statutes   do   not
act   Judicially,   but   merely   ministerially." Thompson
V. Smith   155   Va   367  (1930)

The   King   County   Criminal   Court
is   a   Municipal   Court   and   therefore
lacked   Jurisdiction   in   the   matter.
The   issue   was   a   issue   between
Myself   and   the   Mangement   Company
and   the   Super   where   I   was   living   at   the

time.

b.  A Sovereign is exempt from suit, not because of an obsolete theory, but on the logical and practical ground that there can be no legal right as against the Authority that makes the law on which the right depends." Kawananakoa V. Polyblank 205 U.S. 349 (1907)

I am a Moorish American. My rights were violated and the Aforementioned violations of my Constitutional rights gives me a lawful claim for remedy.

In Peace and love

All Rights Reserved

8th November 2020  I am Sister E. Jones. Bey

Sister E. Jones
Lyrics Playhouse Moorish Sudbury Institute
1028 Elder Avenue
Floor 2
Bronx New York

CC United States District Court Eastern District of New York
Special Federal Litigation Unit Corporation Counsel

Amanda Rolon the City of New York
Attorney General of the State of New York.



Peter L. Zimroth
Corporation Counsel

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

MELANIE BONFILS
Assistant Corporation Counsel
phone: (212) 356-2356
fax: (212) 356-2019
mbonfils@law.nyc.gov

October 10, 2020

**BY ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    Bey v. Antoine, et al., 19-CV-1877 (PKC) (RER)

Your Honor:

I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, representing defendant Michael Mancilla in the above-referenced matter. I write respectfully in response to the Court's Order dated October 19, 2020 to provide certain information as requested. Further, in light of the request to renew defendant Mancilla's motion and outstanding service issue as discussed below, it is defendant Mancilla's position that the conference currently scheduled for November 17, 2020, should be adjourned until after those issues have been resolved.

As an initial matter, I apologize sincerely to the Court for failing to participate in the telephone conference held on October 20, 2020. Unfortunately, in reviewing Your Honor's Order, I inadvertently overlooked the appearance requirement and apologize to the Court for this failure. Nevertheless, Orders dated October 19, 2020 and October 20, 2020, were both forwarded to plaintiff via email.

By way of background, plaintiff alleges, *inter alia*, that she was falsely arrested on May 22, 2018, and subsequently convicted of the underlying charge of criminal mischief in the fourth degree but is in the process of appealing that conviction. (ECF No. 7, p. 68.) Plaintiff also alleges she was falsely arrested by defendant Jason Rocke on May 4, 2018. (Id. at 66.) On October 19, 2020, the Court ordered my office to indicate "(1) whether, given the ongoing pandemic, Corporation Counsel would consent to an alternative means of service for Defendant NYPD

Officer Jason Rocke; (2) the status of Plaintiff's appeal of her conviction for criminal mischief in the fourth degree; and (3) depending on the status of Plaintiff's appeal, whether Defendant Mancilla would like to renew his motion to dismiss as to the Plaintiff's false arrest claim, and, if so, whether he seeks to brief it is a claim for false arrest with an unlawful entry component, or as two separate claims." (See Order dated October 19, 2020).

At this time, the Office of Corporation Counsel is unable to consent to an alternative means of service on behalf of Defendant NYPD Officer Jason Rocke as we do not currently represent him. However, in light of the current circumstances, I have reached out to defendant Jason Rocke in an attempt to obtain his consent to an alternative means of service. I hope to update the Court as to this effort within two weeks of this filing.

Additionally, I have communicated with the Clerk of the Appellate Court and they have informed me that plaintiff's appeal for her conviction of criminal mischief in the fourth degree (Criminal Court Number 2018KN024451), bearing Appellate Term docket number 2019-607 K CR, was dismissed in July of 2019. Therefore, any argument basing the survival of plaintiff's false arrest claim on the possibility of appeal or reversal of such conviction is without merit and wholly hypothetical. For that reason, Defendant Mancilla seeks to renew his motion to dismiss the false arrest claim against him based on the arguments outlined in his motion papers — namely, the preclusion of plaintiff's false arrest claim in light of her conviction and failed appeal. (See ECF Nos. 34, 39.) Further, upon review of the pleadings, plaintiff does not appear to assert an unlawful entry claim against defendant Mancilla, but instead against a John Doe individual not named in the Amended Complaint. Nevertheless, to the extent the Court determines otherwise, defendant Mancilla seeks the opportunity to supplement the aforementioned motion to address that claim.

The undersigned thanks the Court for its consideration of this request.

Respectfully submitted,

/s/ Amanda Rolon

*Assistant Corporation Counsel*
Special Federal Litigation Division

**BY FIRST-CLASS MAIL**
Empress Hadiya Bey
*Plaintiff Pro Se*
1028 Elder Avenue, 2nd Floor
Bronx, NY 10472

*[handwritten: Cause of letter to this Court]*