# MOTION AND INDIVIDUAL PRACTICE RULES OF
# MAGISTRATE JUDGE RAMON E. REYES, JR.

United States District Court

Eastern District of New York

225 Cadman Plaza East, Rm. 1217S

Brooklyn, New York 11201

Courtroom 13D-South Wing,

Chambers: (718) 613-2120    Fax: (718) 613-2125

**Courtroom Deputy**: Miriam Vertus

**Law Clerks**: Krista Gay and Kayla Harrington

Telephone calls to chambers are permitted only between the hours of 9:00 a.m. - 4:00 p.m. and must be directed to (718) 613-2120.

I.  Electronic Case Filing (ECF)

   A.   **General ECF Requirement; Exemptions**.

   1.  Regardless of the district judge assigned, all documents, *except confidential or ex parte submissions*, directed to Magistrate Judge Reyes must be filed electronically via the court's Electronic Filing System pursuant to Administrative Order 2004-08. ECF procedures are available from the district court's web site at http://www.nyed.uscourts.gov. Questions regarding ECF filing, or training should be directed to Evelyn Levine at (718) 613-2312.

   2.  Regardless of the district judge assigned, in all cases assigned to Magistrate Judge Reyes, all attorneys must file a Notice of Appearance and register to receive ECF notifications at the outset of the case, and in any event prior to filing any motions, letters, or other documents.

3. Litigants proceeding *pro se* are exempt from ECF requirements. Other requests to be exempt from ECF requirements may be made in writing to Magistrate Judge Reyes. Requests for exemptions to the ECF requirements will only be considered after the attorney seeking the request has completed ECF training. Such requests will be granted only in limited and exceptional circumstances.

4. *All letters to Magistrate Judge Reyes* **requesting Court intervention, including those sent pursuant to Local Civil Rules 37.1 and 37.3, or requesting an adjournment or extension of discovery deadlines, must be electronically filed under "Motions" and not "Letter" under "Other Documents."*

B. <u>**Hard Copies**</u>.

1. **DO NOT SUBMIT HARD COPIES OF DOCUMENTS FILED VIA ECF.** The Court will determine whether the submission of courtesy copies would be useful, and, if so, chambers will advise counsel.

2. *Exception for time-sensitive submissions.* **After first filing by ECF, a copy of time-sensitive submissions, such as requests for adjournments, must be faxed to chambers at (718) 613-2125, The Court will ignore faxes sent before requests are filed on ECF.**

3. *Exception for filings containing non-text exhibits.* Parties filing non-text exhibits or materials in excess of 50 pages shall submit a courtesy copy of the entire filing.

4. *Notifications and orders by the Court.* Attorneys will receive notifications from the Court electronically. Hard copies will not be mailed to attorneys registered for ECF. Accordingly, attorneys are responsible for keeping their e-mail addresses current with the Clerk's Office. *Attorneys are also responsible for ensuring that they are registered with the Clerk's Office to receive email notifications in every matter before Magistrate Judge Reyes.*

II. **Communications with Chambers**

A. <u>*Telephone calls*</u>. Attorneys should review the ECF docket prior to contacting chambers with questions regarding the scheduling of conferences **Telephone calls to chambers are permitted only between the hours of 9:00 a.m. and 4:00 p.m. and must be directed to (718) 613-2120.**

B. <u>*Letters*</u>. All letters to the Court are to be filed on ECF, with copies simultaneously delivered to all parties, and with service on all parties indicated on the face of the letter. **Copies of correspondence between counsel shall not be filed or sent to the Court.**

C. **Requests for adjournments or extensions of time**. All requests for adjournment of a court appearance, absent an emergency, <u>*shall be made at least 48 hours prior to the scheduled appearance.*</u> Further,

3

all requests for adjournments must state: (1) the reason for the extension; (2) the original date, (3) the number of previous requests for adjournment or extension, (4) whether those previous requests were granted or denied, and (5) whether the adversary consents (including any reasons given by the adversary for withholding consent). **If the requested adjournment or extension affects any other scheduled date, a proposed Revised Scheduling Order must be submitted.**

D. *<u>Faxes</u>.* All faxes must include the case number and judges' initial. Faxes not exceeding five pages, excluding a cover sheet, are permitted without prior authorization. Longer faxes require permission. Papers faxed to chambers must also be faxed to all other parties.

E. *<u>E-mail</u>.* Parties may not submit documents via email, unless instructed to do so by the Court. All documents being submitted should be filed through ECF. **Parties may also not communicate with chambers via email unless prior authorization has been granted.**

III. *Motions*  <u>MOTION RULES AT A GLANCE:</u> Oral Argument – No
　　　　　　　　　　　　　　　　　　　　Courtesy Copies to Chambers – Yes
　　　　　　　　　　　　　　　　　　　　Special Filing Rules – Yes

A. *<u>Judge to Whom Motions Are to Be Made</u>.* 1) Unless otherwise specifically ordered, or required by the District Judge's rules, all non-dispositive pretrial motions, including but not limited to discovery motions, motions to amend pleadings, to intervene, or to transfer the venue, are to be made to Magistrate Judge Reyes. 2) All dispositive motions, including but not limited to summary judgment motions and

motions to dismiss, are to be made to the District Judge, unless the parties have consented in writing to determination by the Magistrate Judge in accordance with 28 U.S.C. § 636 (c)(1). The parties are advised to consult 28 U.S.C. § 636 and applicable case law to determine whether a proposed motion should be filed with the District or Magistrate Judge.

B. *Pre-Motion Conferences*. For **motions other than discovery motions** in all cases where the parties are represented by counsel, **a pre-motion conference with the Court is required before making any motion.**

To arrange a pre-motion conference, the moving party shall submit a letter not to exceed five (5) pages in length setting forth the factual and legal bases of the anticipated motion. All parties so served must serve and file a letter response, not to exceed five (5) pages within four (4) days from the service of the notification letter. Service of the letter by the moving party within the time requirements of Rule 12 of the Federal Rules of Civil Procedure shall constitute timely service of a motion made pursuant to Federal Rules of Civil Procedure 12(b).

C. *Discovery Motions.*

1. **For all discovery motions and disputes, the attorneys for the affected parties or non-party witness shall follow Local Civil Rule 37.3(a), which requires that the parties first attempt to confer in good faith in person or by telephone to resolve the dispute before notifying the Court.**

2. For disputes arising during depositions, where the parties are unable to resolve the dispute under Local Civil Rule 37.3(a), follow Local Civil Rule 37.2(b).

3. For all other discovery and non-dispositive pretrial disputes, where the parties are unable to resolve the dispute under Local Civil Rule 37.3(a), the aggrieved party shall notify the Court by letter outlining the nature of the dispute and attaching any relevant materials. Such a letter shall be filed on ECF as a "Motion" within four days of receiving such a letter, any opposing party or non-party witness may submit a responsive letter attaching any relevant materials. Failure to respond within four days may result in the motion being granted as unopposed. Unless prior permission has been granted, all letters and responses shall not exceed three single-spaced pages in a 12-point font with one-inch side, top and bottom margins.

D. **_General Practices_**.

1. *Service, filing, briefing schedules and courtesy copy.*

   a. **For motions other than discovery motions, no motion papers shall be filed until the motion has been fully briefed**. The notice of motion and all supporting papers are to be served on the other parties along with a cover letter setting forth whom the movant represents, and the papers being served. A copy of the cover letter only is to be filed to chambers at that time.

*b.* Subject to Court approval, the parties are to set up their own briefing schedule for motions other than discovery motions. No changes in the approved schedule may be made without the Court's approval. Approval may be given at the pre-motion conference or by subsequent letter. No party is to serve any motion papers prior to obtaining the Court's approval of the briefing schedule.

*c.* The original moving party shall be responsible for electronically filing all motion papers. Such party shall also serve and file a letter specifying each document filed in the motion package. The adversary is responsible for providing the movant with a PDF version of opposition papers, as well as one (1) courtesy copy for chambers.

*d.* **For discovery motions, each party's papers may be filed electronically upon their completion,** following the schedule provided in Local Rule 6.1(a).

2. *Memoranda of law.* Unless prior permission has been granted, memoranda of law in support of and in opposition to motions on notice are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents and table of authorities. Case citations must contain pinpoint cites. Legal arguments must be set forth in a memorandum of law; affidavits or affirmations containing legal argument will be rejected. *See* Local Civil Rule 7.1. **Any memoranda, or affidavits not complying with the requirements set forth herein will be rejected.**

3. *Courtesy copy.* Immediately after electronic filing, the moving party shall provide one (1) hard copy of the motion papers and labeled as a "Courtesy Copy," to chambers. **Courtesy copy of dispositive motions made to the District Judge should not be provided to the Magistrate Judge**.

4. *Oral argument on motions.* Parties may request oral argument. The Court will determine whether argument will be heard, and, if so, will advise counsel of the argument date.

IV. **Pretrial Procedures in Civil Trials Referred to Magistrate Judge Reyes**

A. <u>**Joint Pretrial Orders**</u>**.** In cases referred for trial before Magistrate Judge Reyes in which a pretrial order has already been filed pursuant to the individual practice rules of another judge, no additional filing is required under this rule. In cases where no pretrial order was filed prior to the referral to Magistrate Judge Reyes, the parties shall, on the date specified in the scheduling order or as otherwise ordered by the Court, within 60 days after discovery is completed, submit a joint pretrial order for approval that includes the following:

1. The full caption of the action.

2. The names (including firm names), addresses (including email), and telephone and fax numbers of trial counsel.

3. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such

statements shall cite relevant statutes and facts regarding citizenship and jurisdictional amounts.

4. A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recitals of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defense previously asserted that are not to be tried.

5. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

6. A list by each party as to the fact and expert witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify; except when prompt notice has been given and good cause shown.

7. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

8. A statement of stipulated facts, if any.

9. Exhibits:

    A. A schedule listing exhibits to be offered in evidence and if not admitted by stipulation, the party or parties that will be offering them. The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. The parties

will list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party. Parties are expected to resolve before trial all issues of authenticity, chain of custody and related grounds. Failure to object in the pretrial order waives all objections at trial, except objections as to relevance. Only exhibits listed will be received in evidence except for good cause; and

B. All exhibits must be pre-marked for the trial, and exchanged with the other parties, and a full set of all pre-marked exhibits must be provided to chambers at least ten days before trial. Where exhibits are voluminous, they should be placed in binders with tabs.

B. **_Filings prior to trial_**. Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the final pretrial order if no trial date has been fixed:

1. Requests to charge, proposed voir dire questions and proposed verdict form. Requests to charge should be limited to the elements of the claims, the damages sought, and defenses. General instructions will be prepared by the Court. This material should also be submitted via email or on a CD in Word or Word Perfect format.

2. By claim, a detailed statement regarding damages and other relief sought.

3. In non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element.

4. *In limine* motions addressing any evidentiary or other issues, which could not be resolved; and

5. In any case where such party believes, it would be useful, a pretrial memorandum.

V. **Court Appearances**

A. **"Of Counsel" Appearances Prohibited.** Only a party's counsel of record, or an attorney personally authorized to appear by the party (and not simply by the party's counsel of record) may appear on behalf of a party. If a law firm has appeared as counsel of record for a party, any attorney employed by that law firm may appear. An attorney acting "of counsel" for a party's counsel of record may not appear without the represented party's explicit authorization, as such an attorney has no authority to make binding representation on behalf of any party. See N.Y. Rules of Prof'l Conduct 1.2(c),22 N.Y.C. R.R. § 1200 (requiring client to give "informed consent" before an attorney may make a limited appearance on the client's behalf).

B. **Familiarity with the Case**. Any attorney who wishes to speak at a conference should be fully familiar with the record and prepared to address any unresolved factual or legal issue in the case as well as the possibility of settlement. If multiple attorneys will appear, they may of course divide that responsibility among themselves.

C. **Opportunities to Gain Courtroom Experience.** Each party has full discretion to authorize any properly admitted attorney to speak on its behalf at any conference or hearing. However, I encourage the parties and their counsel to provide opportunities for junior lawyers to speak in court. Where a junior attorney has done significant work in researching or drafting a party's memorandum, I will find that attorney's participation in the courtroom discussion particularly valuable in helping me to understand the issues before the court.

**Updated 11/23/2021**