UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 19-CV-1877 (PKC) (RER)

———————————

EMPRESS HADIYA BEY

versus

JOSEPHINE ANTOINE, *ET AL*.

———————————

**SUMMARY ORDER**

May 2, 2023

———————————

**RAMON E. REYES, JR., U.S.M.J.:**

Before the Court are two motions to compel discovery filed by Defendants Francis Shea, Henri Roc, and Jason Rocke (collectively, "Defendants"). (ECF Nos. 122, 123 (the "Motions")). Both Motions seek an order compelling Empress Hadiya Bey ("Bey" or "Plaintiff") to produce written responses to the Defendants' interrogatories and requests for production of documents. (*See id.*). These are the second of such motions Defendants have filed in this case. (*See* ECF Nos. 109, 110).[1] The Motions are granted.

Rule 33(b) of the Federal Rules of Civil Procedure requires that interrogatories "be *answered separately and fully in writing* under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added). In particular, "[a]n answer to an interrogatory must be completed *within itself* and, it should be in a

---

[1] The Court granted Defendants' first motions to compel and ordered "Plaintiff to provide complete, separate written responses to the interrogatories and document requests identified in the motion and deficiency letter." The Court further warned Plaintiff that "[f]ailure to so respond may result in sanctions, including possible dismissal for failure to prosecute and failure to follow a court order." (*See* ECF Orders dated 8/27/2022). The Second Circuit has since dismissed Bey's interlocutory appeal of the Orders on the first motions to compel. (ECF No. 127).

1

form that may be used at trial." *Trueman v. New York State Canal Corp.*, No. 09-CV-049 (LEK) (RFT), 2010 WL 681341, *2 (N.D.N.Y. 2010) (emphasis added) (citing *Int'l Mining Co., Inc. v. Allen & Co., Inc.*, 567 F. Supp. 777, 787 (S.D.N.Y. 1983)). The same is true for requests for production of documents. Rule 34 of the Federal Rules of Civil Procedure requires the recipient of such a request to respond in writing, Fed. R. Civ. P. 34(b)(2)(A), and state, among other things, its specific objections and whether documents will be produced or have been withheld in response to "*each item or category*" Fed. R. Civ. P. 34(b)(2)(B) (emphasis added). Plaintiff's pro se status does not relieve her of these discovery obligations. *Ruszkowski v. Kaleida Health Sys.*, No. 06-CV-715S (F), 2007 WL 4380160, at *3 (W.D.N.Y. Dec. 13, 2007) (citing *Baba v. Japan Travel Bureau Int'l, Inc.,* 111 F.3d 2, 5 (2d Cir. 1997)) ("[P]*ro se* litigants are . . . required to proceed in accordance with the Federal Rules of Civil Procedure.").

Rather than respond separately to each interrogatory and document request, Plaintiff has filed with the Court several documents which do not satisfy her obligations under the Federal Rules of Civil Procedure. (*See* ECF Nos. 89, 92, 93, 96, and 128). These documents do not respond separately to each individual interrogatory and document request as required under the Rules.[2] In addition, they contain several general objections that are improper. For example, Bey appears to refuse to produce any documents at all, arguing that defendants are already "in possession of All [sic] documents needed to prove [her] Claim." (ECF No. 89 at 1; *see also* ECF No. 92 at 1 ("All documents, claims, lawsuits etc are already possessed by the respective agencies, Municipal and State.").  Such objections are improper. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298

---

[2] There does appear to be some responsive information in some of the documents Bey has submitted. For example, in an "Affidavit of Fact, Written Answers to Interrogatories," Bey describes the incident giving rise to her claims, some of her alleged injuries, and at least some of the medical treatment she received following the incident (ECF No. 128), all of which is requested in the interrogatories. Such information should, however, be provided in the proper form, as separate answers to specific interrogatories, and in a form that will be admissible at trial, i.e., made under oath.

F.R.D. 184, 186 (S.D.N.Y. 2014) (quoting *Melendez v. Greiner*, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003)) ("General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information."); *see also Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 240 (W.D.N.Y. 1998) (defendants required to "produce the requested documents, if such are in their custody or control, regardless of whether [p]laintiff is also in possession of these documents"). Similarly misplaced is Plaintiff's objection that the Fourth Amendment protects against disclosure of her arrest records, medical records, records of her employment and wages earned, and her other personal information sought in the interrogatories and document requests. Where a plaintiff brings claims for false arrest and excessive force under 42 U.S.C. § 1983, and asserts that she suffered physical and emotional injuries, economic damages, and lost wages, the protections of the Fourth Amendment do not provide a shield against civil discovery going to those issues.

Accordingly, Plaintiff is Ordered to provide complete written responses, separately to each interrogatory and document request identified in the Motions and deficiency letters (ECF Nos. 122-1, 123-1).[3] Failure to so respond may result in case-ending consequences, including possible dismissal for failure to prosecute and failure to follow a court order. *See, e.g., Agiwal v. Mid Is. Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("All litigants, including pro ses, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice.") (citations and quotation marks omitted).

---

[3] To be clear, the responses to each set of interrogatories and document requests can be contained within a single document, but each individual interrogatory and document request must be answered separately.

## CONCLUSION

For the foregoing reasons, the Motions to Compel are granted. Within forty-five (45) days of the entry of this Order, Plaintiff is to provide complete written responses, separately to each interrogatory and document request identified in the Motions and deficiency letters (ECF Nos. 122-1, 123-1). Failure to so respond may result in case-ending consequences, including possible dismissal for failure to prosecute and failure to follow a court order.

**SO ORDERED.**

_____
RAMON E. REYES, JR.
United States Magistrate Judge
Dated: May 2, 2023
Brooklyn, NY