UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 19-CV-1877 (PKC) (RER)

---

EMPRESS HADIYA BEY

versus

JOSEPHINE ANTOINE, ET AL.

---

**SUMMARY ORDER**

**(NOT FOR PUBLICATION)**

June 9, 2023

---

**RAMON E. REYES, JR., U.S.M.J.:**

Defendants Jason Rocke and Joey Brockington (collectively, "City Defendants") have filed two letters with the Court seeking: (1) an order directing plaintiff Empress Hadiya Bey ("Bey" or "Plaintiff") "to cease her harassing behavior against [the Corporation Counsel's] Office and [defense counsel] in particular" (ECF Nos. 143 at 1); and (2) guidance "on how to proceed in discovery, in light of plaintiff's recent behavior" (ECF No. 140 at 1).

On the first issue, the City Defendants have put forth certain evidence that could lead the Court to find that Bey has engaged in harassing conduct toward the City Defendants' counsel. (ECF No. 140 at 2, Exhibits A and C; ECF No. 143 at 1, Exhibit A). The Court will not make such a finding now, but advises Plaintiff that should such conduct occur in the future it could result in sanctions, including the dismissal of her case. *E.g.*, *Nelson v. Eaves*, 140 F. Supp. 2d 319, 322 (S.D.N.Y. 2001) (dismissing *pro se* action filed in forma pauperis where plaintiff wrote abusive, demeaning, and threatening letters to defense counsel). Plaintiff is admonished and is ORDERED to cooperate

1

with the City and State Defendants in conducting the remaining discovery, including engaging in cordial and professional telephone and email communications.

On the second issue, while the Court is sympathetic with the City Defendants that Bey's long-awaited written interrogatory responses are somewhat deficient (ECF No. 140 at 1-2), the Court Court has reviewed those responses (ECF No. 136), and finds that they are sufficient for Bey's deposition to proceed. While lacking in detail, they provide the basic information from which the City Defendants may question Bey about the three remaining incidents which form the basis of this lawsuit -- the May 4, 2018, May 22, 2018, and October 9, 2018, incidents (as described in this Court's June 2, 2023, Summary Order) -- and the injuries and damages she allegedly sustained therefrom. Bey is cautioned, however, that she is obligated to provide detailed answers at her deposition regarding the incidents, her injuries, and her damages, and if she does not, she may be precluded from testifying to these issues at trial. Bey is also advised that she will be precluded from introducing into evidence any documents she has not produced during discovery, absent a compelling reason why such documents were not produced during discovery. Bey is also ORDERED to provide to Defendants signed releases for any medical or other records pertinent to her claimed damages within seven days of receiving such releases from Defendants. Plaintiff has waived any purported Fourth Amendment protections to such records given her claims for damages. Defendants are ORDERED within seven days to provide Bey with any medical and other releases for any providers or carriers identified to date (e.g., Medicaid, Kings County Hospital, etc.).[1]

---

[1] Said releases will cover the period January 1, 2015, to the present – approximately three years prior to the first incident giving rise to this lawsuit.

2

## CONCLUSION

For the foregoing reasons, Plaintiff is ordered to cooperate with the City and State Defendants in concluding the remaining discovery. Plaintiff's deposition is ordered to proceed expeditiously on a mutually agreeable date. The deadline for the completion of discovery is extended to September 29, 2023.

**SO ORDERED.**

**/s/ Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge
Dated: June 9, 2023
Brooklyn, NY